

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 11, 1963

Honorable Ken G. Spencer
County Attorney
Crane County
Crane, Texas

Dear Mr. Spencer:

Opinion No. C-138

Re: Constitutionality of
House Bill 95, compen-
sation and salary raises
of Crane County officials.

You have requested an opinion of this office on the
constitutionality of House Bill 95, which was recently passed
by the 58th Legislature.

House Bill 95 reads in part as follows:

"Section 1. In each county in the State
of Texas having a population of more than four
thousand, six hundred (4,600) persons according
to the last preceding Federal Census and not
more than four thousand, seven hundred and fifty
(4,750) persons according to such Federal Census,
and with a taxable valuation for county purposes
of not less than Forty-five Million Dollars
($45,000,000) according to the tax roll as pre-
pared by the tax assessor-collector of the
respective counties for the year 1962, the Com-
missioners Courts of such counties are authoriz-
ed to fix the salaries of county and district
officials at a sum of not less than the salary
paid for the calendar year of 1962, nor more than
Eight Thousand, Five Hundred Dollars ($8,500) per
year . . ."

Section 56 of Article III, Constitution of Texas, pro-
vides in part:

"Sec. 56. The Legislature shall not, except
as otherwise provided in this Constitution, pass
any local or special law, . . .

Regulating the affairs of counties, cities,
towns, wards or school districts; . . .

-681-

And in all other cases where a general
law can be made applicable, no local or special
law shall be enacted; . . ."

According to the 1960 United States Census, Crane County
has a population of Four thousand, six hundred and ninety-nine
persons. Crane County is the only county in Texas which has
a population of not less than four thousand, six hundred
(4,600) persons and not more than four thousand, seven hundred
and fifty persons (4,750). As to the requirement in the Bill
that the county have a 1962 taxable valuation for county pur-
poses of not less than Forty-five Million Dollars ($45,000,000)
according to the 1962 tax roll, there are some fifty-six coun-
ties which have such a valuation including Crane County. How-
ever, all of these counties have a population in excess of four
thousand, seven hundred and fifty (4,750) persons. In effect,
House Bill 95 applies only to Crane County.

House Bill 95 increases the salaries of the county of-
ficials of Crane County only. The courts have consistently
held such acts to be in violation of Section 56 of Article III
of the Constitution of Texas prohibiting the Legislature from
enacting local or special laws regulating the affairs of coun-
ties. Clark v. Finley, 93 Tex. 171, 54 S.W. 343 (1899); Bexar
County v. Tynan, 128 Tex. 223, 97 S.W.2d 467 (1936); Oakley v.
Kent, 181 S.W.2d 919 (Tex.Civ.App.1944); and Miller v. El Paso
County, 136 Tex. 370, 150 S.W.2d 1000 (1941).

In Bexar County v. Tynan, supra, the court discussed the
principle of law which applies to this situation in the follow-
ing language:

"Notwithstanding it is true that the Legis-
lature may classify counties upon a basis of popu-
lation for the purpose of fixing compensation of
county and precinct officers, yet in doing so the
classification must be based upon a real distinc-
tion, and must not be arbitrary or a device to
give what is in substance a local or special law
the form of a general law. . . ."

The Court in Miller v. El Paso County, supra, stated:

"The purpose of this constitutional in-
hibition against the enactment of local or
special laws is a wholesome one. It is intend-
ed to prevent the granting of special privi-
leges and to secure uniformity of law through-
out the State as far as possible . . .

"Notwithstanding the above constitutional provision, the courts recognize in the Legislature a rather broad power to make classifications for legislative purposes and to enact laws for the regulation thereof, even though such legislation may be applicable only to a particular class or in fact, affect only the inhabitants of a particular locality; but such legislation must be intended to apply uniformly to all who may come within the classification designated in the Act, and the classification must be broad enough to include a substantial class and must be based on characteristics legitimately distinguishing such class from others with respect to the public purpose sought to be accomplished by the proposed legislation. In other words, there must be a substantial reason for the classification. It must not be a mere arbitrary device resorted to for the purpose of giving what is, in fact, a local law the appearance of a general law. . . ." (Emphasis added).

In view of these authorities, it is the opinion of this office that House Bill 95 falls within the prohibition of Section 56 of Article III of the Texas Constitution and is therefore an unconstitutional enactment.

### S U M M A R Y

House Bill 95, Acts, 58th Legislature, 1963, is an enactment of the type prohibited under Section 56 of Article III of the Texas Constitution and is therefore unconstitutional.

Yours very truly,

WAGGONER CARR
Attorney General

By *Jack J. Norwood*

Jack G. Norwood
Assistant

JGN:mkh:ms

Hon. Ken G. Spencer, page 4 (C-138)

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
R. E. Richards
Nicholas A. Irsfeld
Bill Allen
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone